UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VARN SAECHAO,<br><br>    Petitioner,<br><br> v.<br><br>FOX,<br><br>    Respondent. | No. 2:18-cv-1662 DB P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims both his trial and appellate counsel were ineffective in violation of the Sixth Amendment. Presently before the court is petitioner's motion to proceed in forma pauperis (ECF No. 2) and his petition for screening (ECF No. 1).

**IN FORMA PAUPERIS**

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**SCREENING**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to

////

1

Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Petitioner states the basis for relief is his August 2014 conviction and sentence in the Butte County Superior Court. (ECF No. 1 at 1.) He claims both his trial and appellate counsel were ineffective in violation of his Sixth Amendment right to counsel. He specifically alleges his trial counsel was ineffective while negotiating a plea bargain. He claims appellate counsel was ineffective for filing a Wende[1] brief and for failing to inform petitioner of the time limits for filing a habeas petition.

It appears petitioner may be entitled to relief if the claimed violations of his constitutional rights are proved. Thus, respondent will be directed to file a response to petitioner's habeas petition.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted;
2. Respondent is directed to file a response to petitioner's habeas petition within sixty days from the date of this order. See Rule 4, 28 U.S.C. foll. § 2254. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, 28 U.S.C. foll. § 2254;
3. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;
4. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter; and

////

---

[1] People v. Wende, 25 Cal.3d 436 (1979) (validating the procedure where counsel files an appellate brief reciting a summary of the proceedings and the facts of the case and requesting the court to independently review the record because counsel found no arguable legal issues to raise on appeal).

2

5. The Clerk of the Court shall serve a copy of this order, the form Consent to Proceed Before a United States Magistrate Judge, and a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Tami Krenzin, Supervising Deputy Attorney General.

Dated: November 29, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas.saec1662

3