UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VARN SAECHAO,<br><br>        Petitioner,<br><br>   v.<br><br>FOX,<br><br>        Respondent. | No. 2:18-cv-1662 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims both his trial and appellate counsel were ineffective in violation of the Sixth Amendment. Presently before the court is respondent's fully briefed motion to dismiss. (ECF Nos. 13, 16, 17.) For the reasons set forth below, the court will recommend that the motion to dismiss be granted.

**BACKGROUND**

**I.    State Criminal Proceedings**

On August 21, 2014, petitioner pled guilty to assault with a deadly weapon and spousal abuse in the Butte County Superior Court. (LD 1.)[1] He also admitted that he personally inflicted

---

[1] Respondent lodged state court records along with the motion to dismiss. (See ECF No. 15.) Each document is referenced herein by its Lodged Document ("LD") number.

1

great bodily injury and used a firearm in connection with the spousal abuse. (Id.) The California Court of Appeal affirmed the judgment on July 13, 2015. (LD 2.) Petitioner did not seek review in the California Supreme Court.

## II. State Habeas Petitions

Petitioner filed a state habeas petition in the Butte County Superior Court on May 15, 2016.[2] (LD 3 at 85.) On May 24, 2016 the Butte County Superior Court denied his petition. (LD 4.) Petitioner filed a second petition in the Butte County Superior Court on May 21, 2017. (LD 5.) The petition was denied on August 7, 2017. (LD 6.) Petitioner filed a third petition in the Butte County Superior Court on September 2, 2017. (LD 7.) The petition was denied on October 19, 2017. (LD 8.)

Thereafter, petitioner filed a petition in the California Court of Appeal for the Third Appellate District on November 25, 2017. (LD 9.) The Court of Appeal summarily denied the petition on December 14, 2017. (LD 10.)

Petitioner filed a fourth petition in the Butte County Superior Court on January 3, 2018. (LD 11.) The petition was denied on January 22, 2018. (LD 12.)

Petitioner filed a petition in the California Supreme Court on January 2, 2018. (LD 13 at 21.) The California Supreme Court issued a summary denial on April 11, 2018. (LD 14.)

## III. Federal Habeas Proceedings

Petitioner filed a petition for writ of habeas corpus in this court on May 27, 2018. (ECF No. 1.) The court directed respondent to file a response to the petition on November 29, 2018. (ECF No. 9.) Thereafter, respondent filed the instant motion to dismiss. (ECF No. 13.) Petitioner filed an opposition (ECF No. 16) and respondent has filed a reply (ECF No. 17).

////

////

////

---

[2] Pursuant to the "mailbox rule," prisoners are deemed to have filed documents with the court on the date they gave them to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988). All of petitioner's filings have been given the benefit of the mailbox rule.

2

**MOTION TO DISMISS**

Respondent alleges that petitioner's habeas petition was filed beyond the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). (ECF No. 13.)

Petitioner opposes the motion arguing that he is entitled to equitable tolling because appellate counsel failed to inform him of the time limits to file an appeal or apply for a writ of habeas corpus even though she knew petitioner did not read, write, or speak English. (ECF No. 16.) Petitioner also argues that he is entitled to equitable tolling because California's rules regarding timeliness are not well-established or consistently applied. (Id. at 4.)

In his reply, respondent argues that petitioner has not met his burden of showing that he is entitled to equitable tolling and petitioner's argument that California's "reasonable time" policy is ambiguous and not firmly established, is irrelevant. (ECF No. 17.)

**I.    Legal Standards Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"); Vargas v. Adler, No. 1:08-cv-1592 YNP [DLB] (HC), 2010 WL 703211, at *2 (E.D. Cal. 2010) (granting motion to dismiss a habeas claim for failure to state a cognizable federal claim). Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus: on its own motion under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, No. CIV S-07-1360 LKK EFB P, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim), rep. and reco. adopted, No. CIV S-07-1360 (E.D. Cal. Sept. 26, 2008). However, a petition for writ of habeas corpus should not be dismissed

without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curium).

**II.     Statute of Limitations**

The habeas statute's one-year statute of limitations provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

U.S.C. § 2244(d)(1).

The California Court of Appeal for the Third Appellate District affirmed petitioner's judgment of conviction on July 13, 2015. (LD 2.) Petitioner did not seek review with the California Supreme Court. For purposes of federal habeas review, petitioner's conviction became final on September 22, 2015, forty days after the California Court of Appeal filed its decision. See Cal. Rules of Court 8.264(b)(1), 8.500(e); Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008). The AEDPA statute of limitations began running the following day, on September 23, 2015, and expired one year later on September 22, 2016. Petitioner did not file his federal petition until May 27, 2018. Accordingly, the petition is untimely unless petitioner is entitled to the benefit of tolling.

**III.    Statutory Tolling**

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent

4

judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennet, 531 U.S. 4, 8 (2000). Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been issued. Nedds, v. Calderon, 678 F.3d 777, 780-81 (9th Cir. 2012). However, "[a] petitioner who unreasonably delays in filing a state habeas petition would not be granted the benefit of statutory tolling because the petition would not be considered pending, or properly filed, within the meaning of § 2244(d)." Id. at 780 (internal quotations and citations omitted).

Additionally, the limitations period is not tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending." Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999) overruled on other grounds by Carey v. Saffold, 536 U.S. 214, 225-27 (2002) (holding a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing).

State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). The filing of a federal habeas petition does not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Nor is there tolling between finality of a direct appeal and the filing of a federal petition. Nino, 183 F.3d at 1006-07.

**IV.    Equitable Tolling**

In addition to the statutory tolling provided for by § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted).

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented him from timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An extraordinary circumstance must be more than merely "'oversight, miscalculation or negligence on [the petitioner's] part.'" Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)). Rather, petitioner must show that some "external force" "stood in his way." Waldron-Ramsey, 556 F.3d at 1011. "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotation marks omitted). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

The diligence prong in Pace requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. Mendoza v. Carey, 449 F.3d 1065, 1071 n.6 (9th Cir. 2006) (stating that equitable tolling "requires both the presence of an extraordinary circumstance and the inmate's exercise of diligence"). The petitioner must also show reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances and the failure to file [is] broken." Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003). The "extraordinary circumstances" prong in Pace requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted).

**V.     Analysis**

**A.  Delay in Receiving State Court Appeal**

Petitioner argues in his opposition that he is entitled to equitable tolling because he did not receive the Court of Appeal's opinion for 74 days after it was issued. (ECF No. 16 at 2.) Entitlement to equitable tolling requires petitioner to show that: (1) he was prevented from filing

a federal petition (2) by state or government action, (3) which violated the Constitution or federal laws. <u>Critchley v. Thaler</u>, 586 F.3d 318, 320 (5th Cir. 2009) (court clerk's mishandling of state habeas petition was impediment to filing federal petition); <u>Earl v. Fabian</u>, 556 F.3d 717, 726 (8th Cir. 2009) (state court's late notice that judgment was final might constitute impediment).

Petitioner may be entitled to tolling for the period of time between the filing of the Court of Appeal's decision and petitioner's receipt of the decision. For purposes of the instant motion to dismiss the court will assume that petitioner is entitled to tolling for the 74-day period. However, even if the statute of limitations were tolled for 74 days, as set forth below, the instant federal petition remains untimely.

**B. State Habeas Petitions**

**1. First State Petition**

A petitioner is entitled statutory tolling during the time a properly filed petition is pending in state court. 28 U.S.C. § 2244(d)(2). However, a petitioner is not entitled to statutory tolling for any petition denied by the state courts as untimely because such a petition is considered "neither 'properly filed' nor 'pending'" in the state courts within the meaning of 28 U.S.C. § 2244(d)(2). <u>Thorson v. Palmer</u>, 479 F.3d 643, 645 (9th Cir. 2007) (citing <u>Bonner v. Carey</u>, 425 F.3d 1145, 1149 (9th Cir. 2005) <u>as amended by</u> 439 F.3d 993 (9th Cir. 2006)).

Petitioner's first state petition was filed during AEDPA's one-year statute of limitations. However, it does not toll the statute of limitations because the state court found it was untimely. The California State court cited <u>In re Robbins</u>, 18 Cal.4th 770, 780-81 (1998) and <u>In re Clark</u>, 5 Cal.4th 750, 765 (1993),[3] in its denial and stated petitioner had "failed to explain and justify the significant delay in seeking habeas relief." (LD 4 at 2.) The Supreme Court has held that "[a] summary denial citing <u>Clark</u> and <u>Robbins</u> means that the petition is rejected as untimely." <u>Walker v. Martin</u>, 562 U.S. 307, 313 (2011). The Supreme Court has made clear that "[w]hen a

////

---

[3] The California Supreme Court's decisions in <u>Clark</u> and <u>Robbins</u> set out the state rule mandating that petitions for writs of habeas corpus be brought "without substantial delay." <u>Clark</u>, 5 Cal. 4th at 799.

7

postconviction petition is untimely under state law, that is the end of the matter for purposes of §2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).

Petitioner has alleged he was delayed in filing his petition because he was not notified of the appellate court's ruling on his direct appeal for 74 days. (ECF No. 16 at 2.) However, petitioner filed his initial state petition 233 days after he alleges he received the appellate court's decision. It is unlikely the state court would have found petitioner's state petition timely even with the benefit of an additional 74 days. The Ninth Circuit has held that delays of 115, 101, and 81 days make a California state habeas petition untimely unless the petitioners can show good cause. Robinson v. Lewis, 795 F.3d 926, 930 (citing Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010)).

Petitioner's first state habeas petition has no tolling effect because it was not properly filed under § 2244(d)(2).

### 2. Subsequent State Petitions

Petitioner filed three more petitions in the superior court (LD 5, 7, 11), as well as petitions in the California Court of Appeal for the Third Appellate District (LD 9), and in the California Supreme Court (LD 13) after the expiration of AEDPA's one-year statute of limitations. These applications do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

### 3. California's General Timeliness Standard

Petitioner also argues that this court should consider the merits of his petition because California's general timeliness standard is not sufficiently specific and/or is not consistently applied. (ECF No. 16 at 4.) Petitioner has merely concluded that California's reasonable time standard is not consistently applied without providing any support for this contention. However, "whether a condition to filing is firmly established and regularly followed is irrelevant." Zepeda v. Walker, 581 F.3d 1013, 1018 (9th Cir. 2009).

California law provides that a habeas petition is timely if it is filed "within a 'reasonable time.'" Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (citation omitted). This approach

is different than in most other states who set forth precise time limits.  Carey v. Saffold, 536 U.S. 214, 222 (2002).

However, the Supreme Court has emphasized that the fact that California employs a general timeliness standard does not lessen the importance of "the principles of "comity, finality, and federalism'" promoted by deference to state timeliness laws.  Carey v. Saffold, 536 U.S. 214, 222 (2002) (quoting Duncan v. Walker, 533 U.S. 167, 178 (2001)).  Additionally, while California has not provided a specific amount of time, its reasonable time standard likely would not lead to filing delays substantially longer than 60 days.  Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015).  Petitioner's first petition was filed well beyond 60 days after petitioner received the court of appeal's decision.  Accordingly, petitioner is not entitled to tolling simply because California employs a general timeliness standard, rather than setting forth precise time limits.

**C. Appellate Counsel's Failure to Inform Petitioner of Statute of Limitations**

Petitioner claims he is entitled to equitable tolling because his appellate counsel failed to inform him of the time limits for applying for habeas relief.  (ECF No. 16 at 6.)  Appellate counsel's failure to inform petitioner of the statute of limitations for habeas petitions does not constitute an "extraordinary circumstance" justifying equitable tolling.  See Steiner v. McGrath, No. C 02-4829 JF (PR), 2007 WL 1241957, at *4 (N.D.Cal.2007) (rejecting habeas petitioner's contention that he was entitled to equitable tolling based upon his trial attorney's failure to advise him of his right to appeal after petitioner entered into a plea agreement); Perez v. Hedgpeth, No. CV F 06-0846 AWI DLB HC, 2009 WL 174145, at *5 (E.D. Cal. 2009) (trial counsel's failure to advise habeas petitioner, who pleaded guilty, of right to appeal and/or ability to seek collateral review does not present extraordinary circumstances to justify equitable tolling).

At most, the alleged failure to so advise petitioner constituted negligence.  However, negligence generally does not constitute an extraordinary circumstance sufficient to warrant equitable tolling.  See, e.g., Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (attorney miscalculation of limitations period insufficient to warrant equitable tolling); Miranda v. Castro, 292 F.3d 1063, 1068 (9th Cir.2002) (appellate attorney's provision of erroneous information regarding deadline to file habeas petition did not constitute extraordinary circumstance); Frye v.

Hickman, 273 F.3d 1144, 1146 (9th Cir.2001) (miscalculation of limitations period by counsel and counsel's negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling).

Rather, attorney misconduct may constitute an extraordinary circumstance warranting equitable tolling only where the conduct is "sufficiently egregious." Spitsyn v. Moore, 345 F.3d 796, 800, 801 (9th Cir.2003) (equitable tolling warranted where attorney was hired nearly a full year in advance of the deadline but completely failed to prepare and file a petition, was contacted by petitioner and his mother numerous times by telephone and in writing, and retained the file beyond the expiration of the statute of limitations). This is not such a case. Petitioner's ignorance of the law also does not constitute an "extraordinary circumstance" justifying equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.2006).

**D. Language Barrier**

Petitioner argues he is entitled to equitable tolling because he does not read, write, or speak English. A petitioner may be entitled to equitable tolling where a language barrier actually prevents timely filing. Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006). However, it does not automatically justify equitable tolling. Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002). In order for equitable tolling to be justified, a non-English speaker must show that "during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation from an inmate, library personnel, or other source." Mendoza, 449 F.3d at 1070. The burden is on petitioner to demonstrate that equitable tolling is appropriate. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005) (citing Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005)).

Here, petitioner has stated that he does not speak, read, or write in English. (ECF No. 6 at 6.) It is apparent from the petition and opposition that he had assistance from a fellow inmate in preparing his filings in this action. (ECF No. 1 at 30; ECF No. 6 at 13.) It appears that the inmate assisting petitioner with the instant petition also assisted petitioner when he filed his initial state habeas petition in May 2016. (See LD 3 at 17.) Accordingly, petitioner should not receive the benefit equitable tolling based on his inability to read, write, or speak English because he had

assistance from a fellow inmate as early as May 2016, but did not file the instant petition until May 2018.

Further, petitioner has not alleged any facts from which the court could conclude that petitioner was diligently pursuing materials in his own language or assistance from another source during the running of the AEDPA time limitation. Petitioner has the burden of demonstrating that he is entitled to equitable tolling. However, petitioner has not included any facts stating what actions he took in his attempts to pursue his claim.

In the absence of such facts, the court is unable to find that petitioner should be entitled to equitable tolling. See Trenkler v. United States, 268 F.3d 16, 25 (1st Cir. 2001) (conclusory assertions rarely suffice to meet the burden of demonstrating entitlement to equitable tolling); see also Lopez-Rodriguez v. Diaz, No. 2:12-cv-0516 CMK P, 2013 WL 1326527 at *4 (E.D. Cal. Mar. 29, 2013) (finding petitioner was not entitled to equitable tolling based on his claim that he did not have access to Spanish legal materials or a translator because his conclusory statements were insufficient to show due diligence); Williams v. Dexter, 649 F.Supp.2d 1055, 1061-62 (C.D. Cal. 2009) (inmate not entitled to equitable tolling when such "claim is . . . unsupported by competent evidence and is . . . conclusory").

Because petitioner has not alleged sufficient facts to show that he acted diligently he is not entitled to equitable tolling based on his inability to read, write, or understand English.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 13) be granted and the petition be dismissed as untimely.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C.§ 636(b)(1). Within fourteen days after being served these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in a waiver of the right to appeal the

district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  In the objections the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed.  <u>See</u> Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  July 8, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas.saec1662.mtd